IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MELVIN MOBLEY, § | |
| TDCJ #01502681, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:18-CV-0039 |
| § | |
| JOSEPH DAVIS, *et al.*, § | |
| § | |
| Defendants. § | |

## AMENDED ORDER

The plaintiff, Melvin Mobley (TDCJ #01502681), has filed a civil rights complaint under 42 U.S.C. § 1983, concerning the conditions of his confinement in the Texas Department of Criminal Justice – Correctional Institutions Division. He is *pro se* and he has filed motions for appointment of counsel (Dkt. 2), leave to proceed *in forma pauperis* (Dkt. 3), and leave to seek discovery in the form of interrogatories (Dkt. 12). The Court entered an Order granting the plaintiff's application for leave to proceed *in forma pauperis* on March 16, 2018 (Dkt. 13), but inadvertently referenced another inmate's TDCJ number. Accordingly, the March 16, 2018 Order (Dkt. 13) is **VACATED** and this Amended Order is substituted in its place based on the certified inmate trust account statement provided by the plaintiff:

1. The plaintiff's application for leave to proceed *in forma pauperis* (Dkt. 3) is **GRANTED**.

1

2. The plaintiff is not assessed an initial partial filing fee because his supporting documentation shows that he does not have any funds.

3. The plaintiff shall pay the balance of the filing fee ($350.00) in periodic installments as required by 28 U.S.C. § 1915(b). When funds are available, the agency shall collect this amount from inmate trust fund account belonging to the plaintiff, Melvin Mobley (TDCJ #01502681), and forward it to the Clerk.

4. The plaintiff is responsible for signing all consents and other documents required by the agency having custody of him to authorize the necessary withdrawal from his inmate trust account.

5. No requests for counsel will be considered and all discovery is stayed until after the Court screens the complaint under 28 U.S.C. § 1915A, which requires the Court to scrutinize the pleadings and dismiss the case if it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary damages from a defendant who is immune from such relief. *See also* 28 U.S.C. § 1915(e)(2)(B). Therefore, the plaintiff's motion for appointment of counsel (Dkt. 2) and his request for leave to conduct discovery (Dkt. 12) are **DENIED**.

6. No amendments or supplements to the complaint will be filed without prior Court approval. A complete amended complaint will be attached to any motion to amend. Any pleadings or other papers filed in violation of these directives, including any pleadings or other papers which contain any new claims or any new factual allegations not already explicitly raised in: (1) the original complaint, (2) any court approved

amendments or supplements to the original complaint, or (3) in response to an Order for More Definite Statement, shall automatically be **STRICKEN** from the record without further notice and will be of no force or effect in this lawsuit. Any pleadings or other papers filed in violation of these directives in this paragraph may also subject the plaintiff to other sanctions, including the dismissal of this suit for failure to comply with court orders, if appropriate.

7. The plaintiff must notify the court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution.

### **NOTICE TO THE PLAINTIFF**:

A. Although you have been granted permission to proceed as a pauper, you must pay the full filing fee when funds are available under 28 U.S.C. § 1915(b). If you do not wish to pay the full filing fee you must notify the court in writing, by letter or motion, advising that you do not wish to prosecute this civil action. Your notice must be received by the Court within 30 days of the date of this order.

B. Payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. If the case is dismissed on any of those grounds before payment of the entire filing fee, the plaintiff must still pay the entire filing fee. When a prisoner has had three or more prior actions or appeals dismissed for being frivolous or malicious or failing to state a claim

upon which relief may be granted, federal law prohibits the prisoner from bringing any more actions or appeals *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

C.   State law requires the forfeiture of good conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of the Texas Department of Criminal Justice, or confined in county jail awaiting transfer to TDCJ, that is dismissed as frivolous or malicious. *See* TEX. GOV'T CODE ANN. § 498.0045. This sanction extends to frivolous proceedings arising from an application for writ of habeas corpus if brought for the purpose of abusing judicial resources. *See id.* § 498.0045(a).

The Clerk of Court will send a copy of this Amended Order to the plaintiff and will also provide a copy of this order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; and (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793.

SIGNED at Galveston, Texas, this 29th day of March, 2018.

_____
George C. Hanks Jr.
United States District Judge