UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MELVIN L MOBLEY III, | § | |
| TDCJ # 01502681, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0039 |
| | § | |
| JOSEPH DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Melvin L. Mobley III, an inmate at the Texas Department of Criminal Justice–Correctional Institutions Division, proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. Mobley filed this civil rights action alleging that Joseph Davis, Leeroy Grimes, John Doe # 1, and John Doe # 2 subjected him to an unconstitutional use of force at Hospital Galveston on August 1, 2017. He further alleged that "Sergeant Ramirez" and Demetria Oliver were bystanders and failed to intervene. The Court ordered an answer from four Defendants: Joseph Davis, Leeroy Grimes, Regina Laday,[1] and Demetria Oliver (Dkt. 27).

Defendants Davis and Laday have answered and filed a motion for summary judgment. Plaintiff's response to the summary judgment motion is due on December 19, 2018. Defendants Grimes and Oliver have not appeared in this suit, despite the order to answer.

---

[1] Regina Laday was identified in the complaint as "Sergeant Ramirez" but married and changed her name since the complaint was filed (Dkt. 49, at 1 n.1).

Plaintiff has filed multiple motions, seeking leave to amend or supplement his pleadings, injunctive relief, discovery, a default judgment, and an extension of time. The Court addresses each motion below.

**Motions to Supplement or Amend Pleadings (Dkt. 24, Dkt. 28, Dkt. 40).** Plaintiff seeks the Court's leave to amend or supplement his pleadings to bring claims regarding delayed or denied medical care for his injuries resulting from Defendants' alleged use of force. *See, e.g.*, Dkt. 24, at 1 ("I had numerous problems of denials, delays, and interferences regarding tests x-ray/MRI at Hosp[ital] Gal[veston] for my cervical spine. After numerous [grievances] and filing my lawsuit, finally March 22, 2018, I had the MRI test, but I have not been back to Hosp[ital] Gal[veston] for a follow-up to ortho-spine regarding the results or to implement an appropriate treatment"). Plaintiff seeks leave to add Bryan Hicks, nursing manager at the University of Texas Medical Branch ("UTMB") as a defendant in this suit, and to bring claims regarding inadequate medical care under the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act (Dkt. 28).

Rule 15(a)(2) states that a court should grant leave to amend the pleadings "when justice so requires." FED. R. CIV. P. 15(a)(2). In deciding whether to grant leave to file an amended pleading, the district court "should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Am. Intern. Refinery, Inc.*, 676 F.3d 455, 466 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)). If the district court lacks a

"substantial reason" to deny leave, its discretion is not broad enough to permit denial. *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

Rule 15(d) governs supplemental pleadings regarding "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). The same factors considered for a motion under Rule 15(a) are relevant under Rule 15(d). *See Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir. 1982) (citation omitted), *vacated on unrelated grounds by* 460 U.S. 1007 (1983); *Lowrey v. Beach*, 708 F. App'x 194, 195 (5th Cir. 2018).

Plaintiff's complaint (Dkt. 1) claims that on August 1, 2017, six officers participated in, or failed to prevent, an unconstitutional use of force. The complaint did not bring claims for denial of or delay in medical care. Plaintiff's recent allegations regarding medical care are separate from his original claims in this suit. Moreover, the claims would involve additional defendants, because Hicks is not a defendant in this action. Adding new claims and defendants would prejudice the Defendants who already have appeared and filed for summary judgment.

Because the new allegations are not germane to Mobley's original claims and would unduly prejudice the opposing parties, leave to file amended or supplement pleadings under Federal Rule of Civil Procedure 15 is **denied**. Mobley may elect to bring a separate lawsuit to pursue any new claims regarding medical treatment.

Plaintiff also seeks leave to amend in order to correct the names of certain Defendants, including those previously identified as John Doe (Dkt 40). In particular, Plaintiff states that Leeroy Grimes should be Eric Grimes; that John Doe # 1 should be

Eric Hunter; and that John Doe # 2 should be DeAndre Jackson.[2] The Court will instruct the Clerk to correct the docket in this case so as to reflect the names submitted by Plaintiff. *See* Dkt 40.[3]

**Motion for Emergency Injunctive Relief (Dkt. 29).** Plaintiff has filed for emergency injunctive relief (Dkt. 29) seeking to enjoin Hicks' alleged actions in denying or delaying Plaintiff's medical care. Because Hicks is not a defendant in this action, Plaintiff's motion for emergency injunctive relief against Hicks is **denied**.

**Motion for Default (Dkt. 34).** Plaintiff requests default judgment against Defendants Eric Grimes (originally sued as Leeroy Grimes) and Demetria Olivier because neither defendant has answered or filed a dispositive motion. Defendants Davis and Laday, who were present at the same incident involving an alleged use of force against Plaintiff, have answered and filed a joint summary judgment motion, which is currently pending.

Plaintiff's motion for default judgment is **denied** at this time. However, within **thirty (30) days** the Office of the Attorney General is **ordered** to either (1) file an answer to Plaintiff's complaint on behalf of Defendants Grimes and Olivier or (2) show cause why no answer has been filed. If appropriate, Defendants may seek leave to amend their pending summary judgment motion.

---

[2] As stated above, the party originally named as "Unk. Ramirez" or "Regina Ramirez" is Regina Laday, who has appeared in this lawsuit and filed a summary judgment motion.

[3] Earlier in the litigation, Plaintiff had filed a motion for interrogatories and request for the full names and rank of defendants (Dkt. 33). Because Plaintiff's statements in Dkt. 40 indicate that Plaintiff has received the information he sought, the motion will be **denied as moot**.

After the Office of the Attorney General files the required documents, Plaintiff may re-urge his motion for default judgment, if warranted.

**Plaintiff's Motion to Extend Time (Dkt. 54).** In light of the rulings in this opinion, Plaintiff's motion to extend time to respond to Defendants' summary judgment motion is **granted**. Plaintiff's response will be due within **sixty (60) days** of the date of this order.

For the reasons stated above the Court **ORDERS** as follows:

1. The Clerk is **INSTRUCTED** to correct the docket to name the following Defendants: (1) Eric Grimes in place of Leeroy Grimes; (2) Eric Hunter in place of John Doe # 1; (3) DeAndre Jackson in place of John Doe # 2; and (4) Regina Laday in place of Sergeant Ramirez. In all other respects, Plaintiff's motions to supplement or amend his pleadings (Dkt. 24, Dkt. 28, Dkt. 40) are **DENIED**.

2. Plaintiff's motion for temporary restraining order or preliminary injunction (Dkt. 29) is **DENIED**.

3. Plaintiff's motion for interrogatories and request for the full names and rank of defendants (Dkt. 33) is **DENIED as moot**.

4. Plaintiff's motion for entry of default (Dkt. 34) is **DENIED** at this time. However, within **thirty (30) days** of this order, the Office of the Attorney General is **ORDERED** to either (1) file an answer to Plaintiff's complaint on behalf of Defendants Grimes and Olivier or (2) show cause why no answer has been filed.

5. Defendants' motion to seal (Dkt. 48) is **GRANTED** because the summary judgment motion contains Plaintiff's confidential information.

6. Plaintiff's motion to extend time (Dkt. 54) is **GRANTED**. Plaintiff must file his response to Defendants' summary judgment motion (Dkt. 49) within **sixty (60) days** of the date of this order.

**The Clerk will provide a copy of this order to the parties and to Jacqueline Lee Haney, Assistant Attorney General for the State of Texas, Law Enforcement Defense Division, P.O. Box 12548, Austin, Texas 78711-2548, by fax (512-936-2109) or electronic means**.

SIGNED at Galveston, Texas, this 20th day of December, 2018.

*/s/ George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge